# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MIGUEL FERNANDO T. L.,[1]
(A Number: 213-209-155)

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-05862-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

(Doc. 1)

Petitioner Miguel Fernando T. L. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner claims that he should be immediately released because he has been detained for longer than the six-month presumptively reasonable period of detention, and there is good reason to believe his removal is not significantly likely to occur in the reasonably foreseeable future, etc.

The Court hereby takes judicial notice of *Miguel Fernando T.L. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-03786-JLT-EGC also filed in the United States District Court for the Eastern District of California.[2] On May 18, 2026, Petitioner filed a § 2241 petition,

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

a motion for temporary restraining order, and a motion to appoint counsel. (1:26-3786, Docs. 1-3). On June 12, 2026, following a response by the Government, District Judge Jennifer L. Thurston granted the petition for writ of habeas corpus, ordered that Petitioner be provided an individualized bond hearing before an immigration judge within fourteen days, and that he be released if not provided a timely bond hearing. (1:26-cv-3786, Doc. 11).

On July 27, 2026, Petitioner filed another petition and commenced the instant case, in which Plaintiff essentially repeats his argument that he is entitled to a bond hearing and seeks immediate release. (*See* Doc. 1 at 27–31).

"Pursuant to 28 U.S.C. § 2244(a), '[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." *Ader O.L. v. Warden, California City Immigration Center*, No. 1:26-cv-03385-TLN-AC, 2026 WL 1299005, at *1 (E.D. Cal. May 12, 2026); *Tate v. Borla*, No. 1:25-cv01704 JLT SKO (HC), 2025 WL 3769421, at *1 (E.D. Cal. Dec. 31, 2025). Further, the Ninth Circuit has clarified that 28 U.S.C. § 2244(a) "prevents a federal inmate from using § 2241 'to call into question the validity of a conviction or sentence that has already been subject to collateral review,'" *Ader O.L.*, 2026 WL 1299005, at *1 (quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1988)), as "§ 2244(a) bars successive petitions seeking review of the propriety of a detention 'pursuant to a judgment of a court of the United States," *id.* (quoting *Felker v. Turpin*, 518 U.S. at 651, 662–63 (1996)). Here, the undersigned finds the instant petition presents the same issue that was decided in the earlier action. In that earlier action, on May 18, 2026, District Judge Jennifer L. Thurston granted the petition and directed Respondents to provide an individualized, substantive bond hearing. (*See* 1:26-cv-3786, Doc. 11). In this second action, Petitioner contends, in a fill-in-the-blank form petition, that he has been detained since "January 28 2026," (Doc. 1 at 2), that a bond hearing has not been conducted and that his "prolonged detention without a hearing on danger and flight risk violates the Due Process Clause of the Fifth Amendment," (*id.* at 28). Petitioner requests immediate release from ongoing detention. (*Id.* at

30). The instant petition makes no mention of the bond hearing ordered on May 18, 2026, and otherwise argues that detention following the January 28, 2026, arrest is unconstitutional. (*See* Doc. 1 generally). The Court finds this petition is successive as it again seeks review of Petitioner's same detention.[3] *See Ader O.L.*, 2026 WL 1299005, at *1.

Further, the Court notes that in the Government's response filed July 31, 2026, it contends that "in both Petitions, Petitioner challenges the legality of his immigration detention." (*See* Doc. 11 at 1). And in its August 27, 2026, response, following the Court's minute order denying the temporary restraining order and directing Respondents to file a responsive pleading, the Government renewed its "request to dismiss the successive and duplicative Petition" and filed supporting exhibits, including a June 18, 2026, order following custody redetermination proceedings. (*See* Doc. 13).

Because the legality of Petitioner's detention has previously been determined by Judge Thurston, the undersigned finds that the instant petition is successive. *Ader O.L.*, 2026 WL 1299005, at *1.

Accordingly, the Court will recommend summarily dismissing the petition as an abuse of the writ.

**RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS the petition for writ of habeas corpus, (Doc. 1), be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

---

[3] While in the present petition, Petitioner asserts an Administrative Procedures Act ("APA") claim, (Doc. 1 at 30), Petitioner cannot assert an APA claim in a habeas petition. Under 5 U.S.C. § 704, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." By bringing a habeas petition, Petitioner has an adequate remedy in court, so he cannot also bring an APA claim.

Further, Plaintiff also adds a Fourth Amendment claim, (Doc. 1 at 29), but Petitioner has not shown that, even if his initial warrantless arrest was unlawful, the defect would entitle him to release. The object of the writ of habeas corpus "is to ascertain whether the prisoner can lawfully be detained in custody," *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923), and the "body" of a civil detainee "is never itself suppressible as fruit of an unlawful arrest," *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). *See Bilokumsky*, 263 U.S. at 158 (explaining that if a sufficient ground for detention is shown, a petitioner "is not to be discharged for defects in the original arrest or commitment"). Therefore, the two new claims Petitioner brings are not cognizable and do not save his second Petition from being duplicative.

Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **September 21, 2026**

Erin Sanchez Castillo [signature]

UNITED STATES MAGISTRATE JUDGE